UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.18 CR 781 |
| vs. ) | Judge Thomas M. Durkin |
| ) | |
| XIANBING GAN, ) | |
| a/k/a "Old Gan" and "Gary" ) | |
| Defendant. ) | |

**DEFENDANT GAN'S MOTION FOR HEARING OR PROFFER
ON ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS**

NOW COMES the Defendant, XIANBING GAN ("Gan"), by and through his attorneys, SEIDEN NETZKY LAW GROUP, LLC, and respectfully moves this Court to hold a hearing pursuant to Rule 104 (a) of the Federal Rules of Evidence to determine whether or not the statements of any of the co-conspirators listed in the indictment and any other unindicted co-conspirator(s) are admissible against Defendant. In support of this motion, Defendant states the following:

1. A conspiracy is "a confederation of two or more persons formed for the purpose of committing, by their joint efforts, a criminal act." *United States v. Larkins,* 83 F.3d 162, 165 (7th Cir.1996) (citation omitted). In order to sustain a conspiracy conviction, the Government must provide substantial evidence that a conspiracy existed and the defendant knowingly agreed to join it. *Id.* at 166 (citation omitted). *United States v. Godinez*, 110 F.3d 448, 452, 46 Fed. R. Evid. Serv. 1028, 1997 WL 157539 (7th Cir. 1997)

1

2. It appears, upon information and belief, that the government intends to introduce statements of alleged charged and uncharged co-conspirator(s) against Defendant at trial, pursuant to Rule 801 (d)(2)(E) of the Federal Rules of Evidence.

3. In *United States v. Santiago,* 582 F.2d 1128, 1130-31 (7th Cir.1978), it is made clear that as a condition for admission of such statements, the Government must provide sufficient evidence to convince the district court, by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy. *Id.* at 1134. *See also United States v. Cox,* 923 F.2d 519, 526 (7th Cir.1991). *United States v. Rodriguez*, 975 F.2d 404, 406, 36 Fed. R. Evid. Serv. 1085, 1992 WL 228880 (7th Cir. 1992).

4. The Seventh Circuit requires "more than the statements of the conspirators themselves to show a conspiracy. *United States v. Lee*, 99 CV 6747, 1999 WL 1144928 (N.D. Ill. Dec. 8, 1999)

5. In *United States v. Santiago,* 582 F.2d 1128, 1130-31 (7th Cir.1978), it is held that when a statement of a co-conspirator, which would otherwise be regarded as hearsay, is proffered by the Government, Fed. R. Evid. 104(a) requires that the district court make a preliminary determination regarding the admissibility of the declaration of the co-conspirator. *United States v. Rodriguez*, 975 F.2d 404, 405-06, 36 Fed. R. Evid. Serv. 1085, 1992 WL 228880 (7th Cir. 1992)

6. Similarly, Rule 1101(d)(1) states that the Rules of Evidence (other than with respect to privileges) shall not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104." *Bourjaily v. United States*, 483 U.S. 171, 177-78, 107 S. Ct. 2775, 2780, 97 L. Ed. 2d 144, 55 USLW 4962, 22 Fed. R. Evid. Serv. 1105 (1987)

7. The Seventh Circuit has recognized that the district court has a duty to screen proposed co-conspirator statements for admissibility. *United States v. Stephenson*, 53F. 3d836, 842 (7th Cir. 1995); Fed. R. Evid. 104(a). A recognized way of bringing such issues to the district court's attention is through the government's filing of a pre-trial proffer pursuant to *Santiago*. *United States v. Rodriguez*, 975 F. 2d 404, 406 (7th Cir. 1992). Admission of such statements without the requisite showing by the government would violate the defendant's Sixth Amendment confrontation right.

8. A pretrial proffer is the preferred procedure and has been approved by the Seventh Circuit. *United State v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999). A preliminary determination is necessary because: (a) it ensures that prejudicial information does not erroneously reach the jury required a mistrial as in *United States v. Dunn*, 564 F.2d 348 (9th Cir. 1977): (b) it contributes to efficiency at trial by eliminating many trial objections and rulings; and (c) it lessens potential jury confusion; and (d) it facilitates appellate review. *See Santiago supra,* and *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.) cert. denied, 429 U.S. 922 (1976). An advance ruling is especially critical in conspiracy cases where an adverse ruling in a joint trial may require defendants to move for separate trials.

9. The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration. *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775, 2779, 97 L. Ed. 2d 144, 55 BNA USLW 4962, 22 Fed. R. Evid. Serv. 1105 (1987)

WHEREFORE, for all of the above reasons, Defendant, XIANBING GAN, requests a hearing or a proffer pursuant to Rule 104 (a) wherein these issues may be determined.

Dated: April 30, 2019                          Respectfully submitted,

                                             /s/ Glenn Seiden
                                             Glenn Seiden
                                             SEIDEN NETZKY LAW GROUP, LLC
                                             Attorneys for the Defendant
                                             333 S. Wabash Avenue-Suite 2700
                                             Chicago, Illinois 60604
                                             Telephone Number: 312-236-3060
                                             Attorney Number: 2543761
                                             Email: gseiden@snlgllc.com

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | Case No.18 CR 781 |
| vs. | ) | Judge Thomas M. Durkin |
|  | ) | |
| XIANBING GAN, | ) | |
| a/k/a "Old Gan" and "Gary" | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Glenn Seiden, an attorney, do hereby certify in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, and the General Order on Electronic Case Filing (ECF), ***Defendant Gan's Motion for Hearing or Proffer on Admissibility of Co-Conspirators' Statements***, was served pursuant to the district court's ECF system as to ECF filers on April 30, 2019.

Respectfully submitted,

//s//Glenn Seiden_____
Glenn Seiden
SEIDEN NETZKY LAW GROUP, LLC
Attorneys for the Defendant
333 S. Wabash Avenue-Suite 2700
Chicago, Illinois 60604
Telephone Number: 312-236-3060
Attorney Number: 2543761
Email: gseiden@snlgllc.com

5

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 CR 781 |
| vs. ) | Judge Thomas M. Durkin |
| ) | |
| ) | |
| XIANBING GAN, ) | |
| a/k/a "Old Gan" and "Gary" ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF FILING**

To:   Mr. Sean Joseph Byrnes Franzblau
      Assistant Unites States Attorney
      U.S. District Courthouse- 5th Floor
      Chicago, Illinois 60604

   PLEASE TAKE NOTICE that on April 30, 2019, we have caused to be filed with the Clerk of the Court for the Northern District of Illinois via ECF system, ***Defendant Gan's Motion for Hearing or Proffer on Admissibility of Co-Conspirators' Statements***, a copy of which is attached hereto and served upon the above addressed individual.

                                        SEIDEN NETZKY LAW GROUP, LLC
                                        Attorneys for the Defendant
                                        333 S. Wabash Avenue-Suite 2700
                                        Chicago, Illinois 60604
                                        Telephone No. 312-236-3060
                                        Email: gseiden@snlgllc.com