IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )   Docket No. 18 CR 781
                                    )
                Plaintiff,          )   Chicago, Illinois
                                    )   February 27, 2020
        v.                          )   8:52 a.m.
                                    )
XIANBING GAN,                       )
                                    )
                Defendant.          )

                        VOLUME 8
            TRANSCRIPT OF PROCEEDINGS - Trial
        BEFORE THE HONORABLE THOMAS M. DURKIN, and a Jury

APPEARANCES:

For the Government:     MR. SEAN J.B. FRANZBLAU
                        MR. RICHARD M. ROTHBLATT
                        Assistant United States Attorneys
                        Honorable John R. Lausch, Jr.
                        United States Attorney
                        219 S. Dearborn Street, 5th Floor
                        Chicago, IL 60604

For the Defendant:      MR. GLENN SEIDEN
                        MS. BROOKE L. STEVENS
                        MR. AARON SCHWARTZ
                        Seiden Netzky Law Group LLC
                        333 S. Wabash Avenue, Suite 2700
                        Chicago, IL 60604

Also Present:           MR. XIANBING GAN
                        SPECIAL AGENT STEFANIE MOTON
                           (Homeland Security Investigations)

Court Interpreters:     MS. ROBIN XU MURPHY (Mandarin)
                        MS. TIAN HUANG (Mandarin)
                        MS. LeANN HIBLER (CART)

Court Reporter:         LAURA R. RENKE, CSR, RDR, CRR
                        Official Court Reporter
                        219 S. Dearborn Street, Room 1432
                        Chicago, IL 60604
                        312.435.6053
                        laura_renke@ilnd.uscourts.gov

I N D E X

PAGE

JUROR QUESTION  ............................... 1492

JURY NOTE      ................................ 1498

JURY VERDICT   ................................ 1519

JURY POLLED    ................................ 1520

1     (In open court outside the presence of the jury; defendant

2     not present.)

3            THE COURT:  All right.  Ma'am, please raise your right

4     hand.

5            You've been asked to serve as a realtime translator/

6     interpreter/court reporter for a juror named Ms. Krueger, who

7     is hearing-impaired, so you're going to be allowed to be

8     present during the jury deliberations to assist her in hearing

9     what other jurors have to say.

10            You are not to offer opinions about testimony,

11     evidence, or trial proceedings.  You are not to participate in

12     the jury deliberations.  And you are not to -- and I've

13     instructed other jurors not to ask you for any opinions,

14     thoughts on the evidence, or any other matters.  Your job is

15     solely to transcribe what other jurors say to assist

16     Ms. Krueger in her deliberations.

17            Do you agree to follow those admonitions?

18            MS. HIBLER:  I agree to follow those admonitions.

19            THE COURT:  All right.  Then that -- I will view that

20     as a sworn statement under oath.  Thank you.

21            MS. HIBLER:  You're welcome.  Thank you, Judge.

22            THE COURT:  All right.  Do you have any questions

23     about what your role is back there?

24            MS. HIBLER:  I do not.  I'm kind of well versed in

25     what my role is.

1          THE COURT:  Okay.

2          MS. HIBLER:  So I feel confident that I can perform my

3     job correctly.

4          THE COURT:  I feel confident too.  Thank you very

5     much.

6          MS. HIBLER:  You're welcome.

7          THE COURT:  And the court security officer is going to

8     have you go back.  He will introduce you to the other jurors.

9          Sir, let the jurors know that Ms. Hibler has received

10    the same oath that the -- that Ms. Dillon did yesterday so that

11    they understand her role is no different.

12          Yes, ma'am?

13          MS. HIBLER:  Your Honor, there was a question by

14    Ms. Krueger about confidentiality in the jury room.

15          I don't know if you would like to address that.

16          MS. SCARPELLI:  Judge, one of -- Ms. Krueger --

17          MR. DAVIS (on phone):  Good morning.  This is Ben

18    Davis.

19          THE COURT:  Hang on one second.

20          THE CLERK:  Good morning.  We'll be just a moment.

21    Thank you.

22          MR. DAVIS (on phone):  Thank you.

23          MS. SCARPELLI:  One of the jurors -- Ms. Krueger

24    brought up to me that a juror, another juror, asked a question

25    about if the -- the CART that LeAnn will be doing will be kept

1  confidential, like, you know, it won't be --

2              THE COURT:  Yes.

3              Any transcriptions you have will be erased when the --

4  really, it's simply for purposes of Ms. Krueger being able to

5  understand what other jurors are saying.

6              When this proceeding is over, when the jury reaches a

7  verdict, all of that will be erased and -- not even made

8  confidential; it won't exist, similar to juror discussions.

9              MS. HIBLER:  I understand, your Honor.

10             I don't know if we need to alleviate the concern of

11  the other jurors.

12             MS. SCARPELLI:  Just that a fellow juror had the

13  concern.

14             THE COURT:  I see.  Well, what I will do when I have

15  the -- I think I need to address that with the attorneys with

16  the defendant present because it's a communication I'm going to

17  make to the jury.  So I'll -- we'll have the lawyers and the

18  defendant come in.  I'll do a written instruction that provides

19  the answer to that, and then that written communication will go

20  back to the jury.  But I'm not going to make any communication

21  with the jury without all parties being here.

22             So let them know that issue will be addressed by the

23  Court, and they'll get some direction on that.

24             MS. HIBLER:  Okay.

25             THE COURT:  But, of course, the direction is they are,

1   of course, confidential.

2            MS. HIBLER:  They are.

3            THE COURT:  But that -- I don't want any

4   communications to the jury about any question they have without

5   me doing it in writing.

6            COURT SECURITY OFFICER:  Okay.

7            THE COURT:  Okay.  Thank you.

8            MS. HIBLER:  Thank you.

9            MS. SCARPELLI:  Thank you, Judge.

10       (The Court attends to other matters.)

11       (Clerk places telephone call.)

12           THE CLERK:  Hi.  Good morning.  This is Sandy.

13           And this is Case 18 CR 781, United States of

14  America v. Gan.

15           THE COURT:  All right.  Who is on the phone?  Starting

16  first with the government.

17           We have no one from the government.

18           Who is on from defense?

19           MR. SEIDEN:  Glenn Seiden, S-E-I-D-E-N.  Good morning,

20  your Honor.

21           THE COURT:  Good morning.  Let's wait.  I'm sure

22  someone from the government will dial in in a moment, and then

23  I'll raise the issue I wanted to discuss.

24       (Mr. Franzblau and Mr. Rothblatt enter the courtroom.)

25           MR. FRANZBLAU:  Good morning.

1          THE COURT:  All right.  Mr. Seiden, Mr. Franzblau has

2     walked into court.  So let's have everyone identify themselves,

3     starting first with the person on the phone.

4          MR. SEIDEN:  Glenn Seiden, S-E-I-D-E-N.  Good morning.

5          MR. FRANZBLAU:  Good morning, your Honor.  Sean

6     Franzblau for the United States.

7          THE COURT:  And --

8          MR. ROTHBLATT:  Richard Rothblatt on behalf of the

9     United States, Judge.

10          THE COURT:  All right.  Mr. Seiden, do you agree to

11     waive your client's presence for this?  It is purely a

12     ministerial issue relating to the court reporter/interpreter

13     that's back in the jury room.

14          MR. SEIDEN:  I do, your Honor.

15          THE COURT:  All right.

16          Apparently one of the jurors had inquired either of

17     the court reporter yesterday or of the court security officer

18     whether or not the notes of the court reporter/interpreter are

19     confidential, an entirely reasonable question that I should

20     have anticipated and answered yesterday.

21          They -- what I intend to do is give the jury a written

22     note which reads as follows:

23          "Members of the jury, the realtime court

24     reporter/interpreter" -- "the notes of the realtime court

25     reporter/interpreter are confidential and will be

1    destroyed/erased."

2            Any objection to that note going to the jury from the

3    government?

4            MR. FRANZBLAU:  No.

5            THE COURT:  From the defense?

6            MR. SEIDEN:  I have a question, your Honor.

7            THE COURT:  Go ahead.

8            MR. SEIDEN:  The interpreter.  She's talking about the

9    lady that's in the back room taking the notes, or she's talking

10   about one of the other -- the interpreter --

11           THE COURT:  No.  We're talking about the lady in the

12   jury room taking the notes.  I believe she's called an

13   interpreter/translator, or is it --

14           COURT REPORTER:  CART reporter.

15           THE COURT:  Yeah, but -- it's called CART reporter,

16   which the jury won't know who that is.

17           MR. SEIDEN:  Okay.  You said "interpreter."  I thought

18   for sure you were -- I thought --

19           THE COURT:  Why don't I take the word --

20           THE CLERK:  Should I just say "the realtime CART

21   reporter" or just "the notes of the CART reporter"?

22           THE COURT:  Why don't we call her the realtime court

23   reporter because I think the jury --

24           THE CLERK:  Okay.  Just take out "interpreter"?

25           THE COURT:  And we'll take out the word "interpreter."

1    So thank you, Mr. Seiden.  I think that will remove

2 any confusion.

3    So the note will read:  "Members of the jury, the

4 notes of the realtime court reporter are confidential and will

5 be destroyed/erased."

6    Any objection to that by the government?

7    MR. FRANZBLAU:  No, your Honor.

8    THE COURT:  By defense?

9    MR. SEIDEN:  I have none, your Honor.

10    THE COURT:  Okay.  That will go back.

11    And, again, Mr. Seiden, so the record is clear, you're

12 waiving your client's presence for this communication with the

13 jury?

14    MR. SEIDEN:  I am, your Honor.

15    THE COURT:  Okay.

16    MR. SEIDEN:  I am and I did.

17    THE COURT:  All right.  I'll sign this.  It will get

18 sent back.

19    There's a different CART reporter today, a woman named

20 LeAnn Hibler.  And I swore her in this morning and gave her the

21 same admonitions I did the -- to the -- Ms. Dillon yesterday,

22 the court reporter -- realtime court reporter yesterday.

23    Okay.  Anything else we need to discuss --

24    MR. SEIDEN:  Thank you.

25    THE COURT:  -- from either side?

Jury Note

1    MR. FRANZBLAU:  Nothing from the government.

2    MR. SEIDEN:  Nope.  Have a good morning.

3    THE COURT:  All right.

4    MR. SEIDEN:  And I'll speak to you all later.

5    THE COURT:  Thank you all.

6    MR. SEIDEN:  Thank you very much.

7    MR. FRANZBLAU:  Thank you, your Honor.

8    MR. ROTHBLATT:  Thanks, Judge.

9    (Recess at 9:34 a.m., until 1:40 p.m.)

10    (In open court outside the presence of the jury; defendant

11    present.)

12    THE CLERK:  18 CR 781, United States of America v.

13 Gan.

14    THE COURT:  Do you want to wait for your trial partner

15 to come back?

16    MR. ROTHBLATT:  Yes, Judge.  He's right in the hallway

17 here.

18    THE COURT:  Yeah, we'll give him a minute.

19    Everyone has a copy of the question?

20    MS. STEVENS:  Yes.

21    THE COURT:  Okay.

22    MR. ROTHBLATT:  We do, Judge.

23    (Mr. Franzblau enters the courtroom.)

24    THE COURT:  Mr. Gan can remain seated, as long as you

25 can translate for him what's being said.

1          MR. SEIDEN:  Thank you.

2          THE COURT:  All right.  Let's have everyone identify

3    themselves for the record.

4          MR. FRANZBLAU:  Good afternoon, your Honor.  Sean

5    Franzblau and Rich Rothblatt for the United States.

6          MR. SEIDEN:  Glenn Seiden, S-E-I-D-E-N.

7          MS. STEVENS:  Brooke Stevens.

8          MR. SCHWARTZ:  Aaron Schwartz.

9          THE COURT:  All right.

10         MR. SEIDEN:  Mr. Gan.

11         THE COURT:  And Mr. Gan is present in court, and

12   interpreters are here to assist him in understanding what's

13   being said.

14         We received the following question from the jury:

15         It says:  "Count #1, number 2.

16         "'Beginning in or about Jan. 2016 and continuing until

17   about Oct. 2018 ...'

18         "Does the gov't have to prove beyond a reasonable

19   doubt that Gan was a part of the conspiracy for 2016, <u>AND</u>" --

20   which is underlined -- "2017, <u>AND</u>" -- which is underlined --

21   "2018 <u>OR</u>" -- which is underlined -- "is it sufficient that he

22   was part of it for one <u>OR</u>" -- underlined -- "more years."

23         Signed by Ashley Lysenko, with today's date.

24         What is the view, first, of the government as to how

25   this ought to be answered?

1    MR. FRANZBLAU:  Judge, I think that we should give

2    them an answer, a clear and concise answer.  The case law is

3    very clear that when the jury asks for clarification or

4    supplemental instructions, the Court should give them --

5    THE COURT:  In that regard, "When a jury makes

6    explicit its difficulties with the court's instructions, the

7    court is obligated to clear away those difficulties 'with

8    concrete accuracy.'  The court should not simply repeat its

9    earlier instructions."  And that's *Bollenbach v. U.S.*,

10   326 U.S. 607, a 1946 case; and *U.S. v. Combs*, 33 F.3d 667,

11   Sixth Circuit case (1997) [*sic*]; *U.S. v. McIver*, 186 F.3d 1119,

12   (9th Cir. 1999); and *U.S. v. Walker*, 557 F.2d 741

13   (10th Cir. 1977)."

14   Also, if I give an additional instruction, it should

15   be done only after conferring with counsel -- which is what

16   we're doing now -- and reminding the jury of the prior

17   instructions and reminding the jury to consider the

18   instructions as a whole.  So any clarification I give is going

19   to include that admonition at the end of it.

20   So with that, what's the government's view as to how

21   this ought to be answered?  Then I'll ask for defense view.

22   MR. FRANZBLAU:  I think we should instruct them on the

23   law and basically say that the government must prove beyond a

24   reasonable doubt that the charged conspiracy existed and that

25   the defendant knowingly became a member at some point, but that

1  the government does not have to prove that the defendant was a

2  member throughout the entirety of the charged conspiracy.

3       THE COURT:  All right.  And defense?

4       MR. SEIDEN:  Go ahead.

5       MS. STEVENS:  I mean, we disagree, your Honor,

6  obviously.

7       The jury instructions which were given state that

8  the -- state as No. 1 that "The conspiracy as charged in

9  Count I existed," and then it goes forth with the remainder of

10  the details of that.

11       In the superseding indictment, which was obviously

12  written by the government, No. 2 states:  "Beginning in or

13  about January 2016, and continuing until at least ... October

14  2018, [in] Chicago ... and elsewhere ... defendant herein,

15  did," and et cetera, "the conspiracy."

16       The government has charged it as the defendant was

17  involved beginning in 2016 through and to 2018 -- "until at

18  least in or about ... 2018."

19       THE COURT:  All right.  Well, do you disagree with the

20  proposition that the government is required -- that a -- the

21  only requirement when a conspiracy is charged over a period of

22  time is that the government needs to prove that a person was

23  part of a conspiracy during that period, or is it necessary

24  that the jury find he's a member of the conspiracy from the

25  very beginning to the very end?

1    MS. STEVENS:  I think that the jury has to find that

2    he was a member of the conspiracy as charged and as written by

3    the government.  That states that he was a member of the

4    conspiracy from 2016 to and through October 2018.

5    THE COURT:  All right.  Response?

6    MR. SEIDEN:  If you give a different instruction --

7    I'm sorry.

8    THE COURT:  Go ahead.

9    MR. SEIDEN:  If you give a different instruction,

10   Judge, you will have effectively amended the complaint.

11   THE COURT:  The indictment.

12   Well, it's routine for indictments to -- not routine.

13   But it's often indictments charge conspiracies over a period of

14   time.  And I've never known there to be a requirement -- unless

15   someone can point me to law otherwise -- that a defendant has

16   to be in it from the start, even if it's charged that way, has

17   to be in it at the end, even if it's charged that way.

18   In fact, the instruction on page 25 said:  "To be a

19   member of a conspiracy, the defendant does not need to join it

20   at the beginning, and he does not need to know all of the other

21   members."

22   MS. STEVENS:  Your Honor, if I can --

23   THE COURT:  The fact that we've already told them he

24   doesn't need to join it at the beginning is I believe

25   indicative of the fact that it's not a constructive amendment

1   of the indictment for a defendant to be part of it after the

2   alleged beginning of it.

3          But go ahead, Ms. Stevens.

4          MS. STEVENS:  I would interpret that jury instruction

5   to mean that there probably was a drug conspiracy ongoing for

6   who knows how many years: how many years Pan was doing it, how

7   many years the drug smugglers have been doing this.

8          But the indictment specifically charges that the

9   defendant started being part of the conspiracy in 2016.  If the

10  government didn't want to word it that way, they didn't have

11  to.

12         THE COURT:  I've never seen it worded differently.

13         MR. FRANZBLAU:  Yeah.

14         THE COURT:  I mean, I --

15         MR. SEIDEN:  But that is --

16         MS. STEVENS:  But --

17         THE COURT:  Go ahead.

18         MS. STEVENS:  But that is the way that it is worded in

19  the English language, and that is a distinction that apparently

20  this jury finds important.

21         THE COURT:  All right.

22         MS. STEVENS:  And that wasn't in the purview of the

23  defense to change or even have any opinion on.

24         THE COURT:  Fair enough.

25         Government?

1    MR. FRANZBLAU:  The case law is very clear.  We have

2  to prove that the conspiracy as charged existed, not that the

3  defendant was a member from start to finish.  That's Conspiracy

4  Law 101.

5    THE COURT:  All right.  Find me that case law.

6    MR. FRANZBLAU:  I will go find you it right now.

7    THE COURT:  I'll give you -- we can break for 10 or

8  15 minutes.  The jury is going to continue to deliberate.

9    Ms. Stevens, you and your colleagues can look for case

10  law too.

11    But I -- there is some -- some allure to the argument

12  the way it's phrased that Mr. Gan was in it from January 2016

13  to October 2018.

14    I am familiar with the law, but I want Mr. -- I want

15  the government to provide it that says that no matter how it's

16  charged, there has to be a conspiracy for that period, but a

17  defendant can be in it for any portion of that conspiracy as

18  long as you choose it.

19    Now, I want to see that law.  And I'll give the

20  defense a chance to look at the cases you find, Mr. Franzblau,

21  and argue otherwise.  So we're not going to sit here and argue

22  about what we all think the law is until we see it.  And my

23  telling you what I -- what my experience is doesn't help

24  either.  It ought to be something based on the established case

25  law.

1    And I'll -- it's 2:04.  Why don't we plan on

2  reconvening at 2:20.  That ought to give the government enough

3  time.  If not, then contact my courtroom deputy and tell us

4  when you're going to come back up with something.  Provide it

5  when you get it to the defense so they have a chance to look at

6  it too.

7    And, Ms. Stevens, you can independently --

8    MS. STEVENS:  I'll see what I can find on my cell

9  phone, your Honor.

10    THE COURT:  I'm sure you will.

11    Okay.  So 2:20.  And if there is -- I'll welcome a

12  proposal from either side as to how I should answer this

13  question, a concrete proposal.  Write it out.  I've written

14  something out already, but I'm not going to read it to you

15  until I hear what the position is on the law.

16    MR. SEIDEN:  Okay.  Your Honor, I'm going to talk to

17  my client in there if it's okay.

18    THE COURT:  You may.

19    MR. SEIDEN:  Thank you.

20    THE COURT:  Yeah.

21    MR. FRANZBLAU:  Judge, can we possibly make it 2:30

22  just because it's almost 2:10?

23    THE COURT:  Yeah.

24    MR. FRANZBLAU:  Thank you.

25    THE COURT:  2:30 it is.

Jury Note

1       MR. FRANZBLAU:  Thank you very much.

2       (Recess at 2:05 p.m., until 2:30 p.m.)

3       THE COURT:  All right.  On the record.

4       All right.  Government, you've proposed an

5  instruction?

6       MR. ROTHBLATT:  Yes, your Honor.

7       THE COURT:  All right.  Defense has a copy of it.

8       It reads:  "Time is not an essential element of the

9  conspiracy charged in Count I.  To establish the existence of

10  the conspiracy charged in Count I, it is not necessary that the

11  government prove that the conspiracy extended during the entire

12  period alleged in the indictment so long as the elements of

13  conspiracy as I've described them to you have been proved

14  beyond a reasonable doubt."

15       And then you noted that this was given before Judge

16  Guzmán without the first sentence.

17       MR. FRANZBLAU:  Correct.

18       THE COURT:  All right.  I'll hear from defense in a

19  minute.  I don't believe that is -- answers the entirety of the

20  question or the actual question the jury has.

21       I'll find it.

22       Question seems to focus -- and I've already read it

23  into the record, so I won't -- whether or not Mr. Gan has to be

24  part of that conspiracy during the entirety of the conspiracy

25  or not.

1    All right.  And I have a proposal as to that, but I'll

2    hear from defense first.

3    MS. STEVENS:  Well, your Honor, we would object to the

4    government's proposed instruction and, frankly, again would

5    object to any instruction that doesn't require that the jury

6    view the indictment with -- to read the indictment as it is

7    written, as it was written by the government.

8    I had a chance to look up most of the cases cited by

9    the prosecution.  I did not have a chance to look at *McDowell*

10    because I don't have access to that unpublished opinion.  I

11    don't know what it is.

12    That said, for *U.S. v. Spaeni*, which was cited by the

13    government, which is 60 F.3d 313, that was an argument about a

14    constructive amendment of the indictment due to presentment of

15    evidence outside of the charged conspiracy time period.

16    THE COURT:  And I'll stop you right there.  The --

17    there is no constructive amendment of this indictment because

18    they are not alleging that Mr. Gan -- or they're not -- there's

19    not an argument, nor was there evidence, that Mr. Gan was

20    involved in 2015 and that somehow the government is trying to

21    sweep in uncharged activity in 2015 or in 2019.

22    The defense is on fair notice as to the entirety of

23    the period of conspiracy, and, if anything, this seems to be a

24    question focused on whether if there is a deficiency in proof

25    within that period, is that a -- in any way fatal to the

1   government's case.

2          I'd feel entirely differently about that because
3   I'm -- I'd feel that there would be a constructive amendment if
4   there had been evidence in 2015 and evidence -- or evidence in
5   2019 and the defense -- or I'm sorry -- the jury would be
6   asking, "Can we consider evidence in 2015 or 2019 as part of
7   the conspiracy?"  That was not this case.

8          MS. STEVENS:  Interestingly, your Honor, the cases
9   cited by the government state essentially the exact opposite,
10  that you're allowed to go outside of the conspiracy in some
11  cases, but not all.

12         But this isn't that question.  And so none of the
13  cases cited by the government actually go to the question
14  asked, which is the government charged the indictment.  The
15  government wrote it.  Just as in regular contract law, it's
16  construed against the drafter.

17         The government wrote it as -- as 2016 to and through
18  October of 2018.  What they're asking now is to change that.
19  They're asking to -- to say, "Oh, well, even if the jury
20  doesn't find that he was part of the conspiracy for part of it,
21  they still have to -- they still have to find that he's part of
22  the conspiracy if they found for any of it at all," which is
23  not how it was charged.  It --

24         THE COURT:  Well, I know it wasn't charged that way.
25  I'm sorry to interrupt.  It wasn't charged that way, but the

1  instruction at page 25 that was given, unopposed by defense --

2  and understandably so because it is the pattern instruction,

3  Instruction 510 -- and given at page 25 of the instructions to

4  the jury, said:  "To be a member of a conspiracy, the defendant

5  does not need to join it at the beginning."

6       If he doesn't need to join it at the beginning, it is

7  perfectly logical and legal, I believe, to -- to have

8  alleged -- to have as the element of proof or the requirement

9  of proof that he doesn't need to be in it at the end either.

10  That may be a fault in the pattern instruction that needs to be

11  corrected so it's clear, but if the law is you don't have to be

12  in at the beginning, it's also the law you don't have to be in

13  at the end.

14       MS. STEVENS:  Your Honor, I would -- I would disagree

15  with two of the things that you just said.

16       First is that the -- again, the pattern instruction

17  goes to a broader conspiracy, which the defendant and/or others

18  may have only joined at certain points in time.  The evidence

19  appeared to show that Pan was involved in this for -- since

20  long before any of the -- any of the actions charged in this

21  case.  The -- and the --

22       THE COURT:  Well, keep in mind if we're going to make

23  this -- you know, you're making your record.  Pan may have been

24  involved in it longer, but the period of time that is alleged

25  is where there is at least some evidence I heard on the record

1   that Gan was also involved.

2          MS. STEVENS:  I -- I think that we're -- I'm making a

3   distinction on a different point, your Honor, which is that the

4   instruction stating that the defendant did not have to join the

5   conspiracy at the beginning, if that instruction was not there

6   and if that was not the law, then defense would then be

7   permitted to argue, "Well, there was probably drug laundering

8   happening -- drug money laundering happening prior to this date

9   but he wasn't involved until 2016, so you have to find him

10  innocent."  And that is -- that is not the law.  And that is

11  not an argument that was made.

12          And as to the indictment itself, the indictment itself

13  states:  "Beginning in or about January 2016, and continuing

14  until at least in or about October 2018, at Chicago, in the

15  Northern District of Illinois, Eastern Division, and elsewhere,

16  XIANBING GAN, aka 'Old Gan,' aka 'Gary,' defendant herein, did

17  knowingly conspire."

18          It states that the defendant was conspiring from

19  January of 2016 to and through October of 2018.

20          THE COURT:  I know what the allegations are.  We've --

21  that's part of the record.  The only question is whether or not

22  the government is required to prove the -- that there is

23  evidence beyond a reasonable doubt to support the existence of

24  that conspiracy for the entire period and that the defendant

25  was involved in that conspiracy for the entire period.

1    The question of the jury seems to be does the

2  government have to prove -- not seems to be -- it is the

3  question of the jury:  "Does the gov't have to prove beyond a

4  reasonable doubt that Gan was a part of the conspiracy for

5  2016, AND 2017, AND 2018 OR is it sufficient that he was part

6  of it for one OR more years."

7        It's sufficient if he was part of it for any period of

8  time, even less than a year, I believe the law is.  And I

9  believe that's a correct statement of the law on what they're

10 required to prove.

11       Government's not required to prove, even if they

12 alleged it as they did, the entirety of the period if --

13 because a defendant can be part of a conspiracy for part of the

14 alleged period of the -- the conspiratorial time.  I believe

15 that to be the law.

16             MR. SEIDEN:  Okay.

17             THE COURT:  Last argument.  Go ahead.

18             MR. SEIDEN:  Your Honor, that presents a conundrum.

19 I'm curious as to what your position is with regard to this

20 matter.  But the conundrum is apparently the government can

21 charge one way and then prove something else.  That is --

22             THE COURT:  They can prove a subset of what they

23 charge.

24             MR. FRANZBLAU:  Exactly.

25             THE COURT:  They cannot prove something else.  They

1    can't charge a conspiracy from 2016 to 2018, prove a conspiracy

2    in 2019, which would be completely unfair to you because you'd

3    have no notice.  But you can always charge a sub -- you can

4    always prove a subset of what's charged, as long as the

5    elements of conspiracy are proven for that subset.

6              MR. SEIDEN:  I understand your point --

7              THE COURT:  The law -- the Seventh Circuit law in the

8    *Paulette* case is quite clear that the -- time is not an

9    essential element of -- of a conspiracy.  It's not a -- it's

10   not part of the element.

11             It's no different, frankly, than a -- charging a

12   person with conspiracy -- possession with intent to distribute

13   3 kilograms of cocaine, and they prove up 2.

14             MR. SEIDEN:  I'm with you, Judge.  I hadn't quite

15   finished my thought --

16             THE COURT:  Go ahead.  I'm sorry to interrupt.

17             MR. SEIDEN:  -- because I had made that point before,

18   so I don't have to make it again.

19             But you did point out that there is on 25, page 25, an

20   instruction that deals specifically with that issue.  And the

21   indictment goes back with them, as we all know.  So they have

22   the indictment, and they have the instruction.

23             I think at this time to instruct them differently or

24   additionally or to create any limits -- in other words, to any

25   further instructions on an issue -- is unfair.  They've been

1   instructed exactly on that issue.  25 -- page 25, that is.  I

2   don't remember the instruction number -- specifically addresses

3   that point.

4           So my position is "You have the instructions.  You've

5   been instructed.  Your instructions are clear with regard to

6   the information that you need.  And you need to use that

7   information to" --

8           By the way, your Honor, Tyler Pearson, who is a law

9   student, was helpful in providing us additional assistance with

10  his equipment.  I wanted to at least let him know and give

11  credit for that.

12          THE COURT:  Good.

13          All right.  Last -- that's the last word for defense,

14  correct?  We need to put an end to this and --

15          MR. SEIDEN:  I think that's --

16          THE COURT:  -- answer the juror's question.

17          Anything else from the government?

18          MR. FRANZBLAU:  No.  Your Honor has it exactly right.

19          THE COURT:  All right.  The -- I have to answer this

20  question.  I can't just say, "Go reread the instructions."

21          The law -- the courts -- there can be nothing more

22  frustrating to a jury that's been reading the instructions for

23  the last day to be told, "Go reread them."  They need a

24  substantive answer.  And the answer is not in the instructions

25  they have.  The answer is in what I'm going to give them.

1    I believe that the correct instruction will read as

2  follows.  And I'm happy to hear amendment that doesn't go to

3  the underlying arguments that I've heard.  And you've made your

4  record on the defense side very well.

5    "The government must prove beyond a reasonable doubt

6  that a conspiracy existed for some portion of the period that

7  is charged in the indictment" --

8    Sandy, I'll give you this.

9    THE CLERK:  Oh, okay.  Thank you.

10    THE COURT:  (Continuing) --"that is, for some period

11  of time," quote, "beginning in or about January 2016 and

12  ending," quote, "in or about October 2018.  If you determine

13  that the government has met that burden, then you must

14  determine whether the government has also proven beyond a

15  reasonable doubt that" -- this says "Gan," but we're going to

16  say "the defendant" -- "was part of that conspiracy for some

17  period of that time.  You should consider this additional

18  instruction together with those I've already given you in this

19  case."

20    I'm happy to hand this to you so you can read what

21  I've just read.

22    MS. STEVENS:  Please.

23    THE COURT:  Ignore my scratch-outs.

24    MR. SEIDEN:  Thank you.

25    THE COURT:  Let's go off the record for a minute.

1      (Off-the-record discussion.)

2             THE COURT:  All right.  Back on the record.

3             I proposed language.  The government has a

4      counterproposal, which is simply that I say --

5             Why don't you propose your language.

6             MR. FRANZBLAU:  "The government does not need to prove

7      the defendant was a member of the charged conspiracy throughout

8      its entirety.  The government need only prove that the

9      defendant joined the charged conspiracy at some point in time."

10             THE COURT:  All right.  For the record, any objection

11     by defendant?

12             MS. STEVENS:  Yes, your Honor.  I think preserving our

13     previous objections to this instruction being given and the --

14     it being stated in any way as the Court has ruled, I would

15     state that the Court's instruction I think actually is clearer

16     on that point in that they do have to find a conspiracy between

17     those time -- that -- to and from those time periods.  And then

18     if that conspiracy then existed, then they have to prove the --

19     the government has to prove that the defendant was part of that

20     conspiracy.

21             Again, I maintain our objection to the instruction at

22     all.  But, if given, I would prefer the Court's version over

23     the government's version.

24             THE COURT:  Fine.  I'm going to give the Court's

25     version then.  I believe it's a correct statement of the law.

1   It answers the question asked.  And it reiterates the

2   requirement that the conspiracy itself only needs to be proved

3   for part of the period alleged.

4       I know you object to that in general, but this,

5   nonetheless, I think fully answers that question and the

6   government's question -- and the jury's question.  And that's

7   how we're going to do it.

8       MS. STEVENS:  For the record, your Honor, I would also

9   like to preserve any objection that we have on the basis of

10  basically too large of a variance from what was charged in the

11  indictment.

12      THE COURT:  All right.  And I put on the record

13  already that there is absolutely no variance.  This is a subset

14  of the charged crime, which is always allowed to be proved by

15  the government.  They can't not meet the elements, but they can

16  prove less than what's alleged, as long as they meet the

17  elements, which is what this instruction says.

18      Okay.  Off the record.

19   (Off-the-record discussion.)

20      THE COURT:  Back on the record.

21      I'm going to ask my courtroom deputy to let you look

22  at the instruction as proposed.  All objections noted already

23  are part of the record.  And I'm going to give this over

24  defense objection.

25      MR. SEIDEN:  She's the captain of this team, Judge.

1   But are you going to send it back with the caption on it?

2        THE COURT:  Yeah.

3        MR. SEIDEN:  I'm going to add an additional objection

4   on that.

5        THE COURT:  Pardon?

6        MR. SEIDEN:  We don't have the caption on the

7   instructions, and it adds additional -- an imprimatur to the

8   instruction.  That would not normally go back.  Instructions

9   are on plain paper.

10       THE COURT:  I understand, but the indictment's not.

11  The indictment says U.S. v. Gan.  And I always give

12  instructions with the caption so there's no question about -- I

13  give responses to questions on the caption so there's no

14  question about -- that it relates to this case.  And it doesn't

15  add any more imprimatur to these instructions than the

16  indictment itself.

17       MR. SEIDEN:  I know it seems de minimis, but I wanted

18  to spread that of record.  I do have that objection.

19       THE COURT:  Okay.  All right.

20       Any objection to this language beyond those already

21  expressed?  In other words, does this correctly incorporate

22  what I said I was going to give the jury?  First the

23  government.

24       MR. FRANZBLAU:  Yes, and no objection.

25       THE COURT:  Defense?

1          MS. STEVENS:  Yes, and we sustain our objections.

2          THE COURT:  Okay.  And so the record is clear it

3     reads:  "Members of the jury:  The government must prove beyond

4     a reasonable doubt that a conspiracy existed for some portion

5     of the period that was charged in the indictment, that is, for

6     some period of time 'beginning in or about January 2016' and

7     ending 'in or about October 2018.'  If you determine that the

8     government has met that burden, then you must determine whether

9     the government has also proven beyond a reasonable doubt that

10    the defendant was part of that conspiracy for some period of

11    that time.  You should consider this additional instruction

12    together with those I've already given to you" -- "given you in

13    this case."

14         All right.  Sandy, if you can please give this to the

15    courtroom -- court security officer, it will be given to the

16    jury.

17         THE CLERK:  Sure.

18         THE COURT:  And we'll notify you if we have further

19    communications.  Thank you.

20         MR. SEIDEN:  Thank you.

21         MR. FRANZBLAU:  Thank you, your Honor.

22         MS. STEVENS:  Thank you, your Honor.

23    (Off-the-record discussion.)

24    (Recess at 3:02 p.m., until 3:22 p.m.)

25         THE COURT:  All right.  We received a note that said,

1    "We have reached a unanimous verdict," signed by Jeffrey York,

2    foreman.  So we'll bring in the jury.

3        I have instructed the court security officer to tell

4    the realtime reporter to basically remain with our

5    hearing-impaired juror until they come into the courtroom.  So

6    she's not going to come in now, leave her, and set up.  She

7    needs to be with her the entire time because this is not a

8    verdict until they announce it in court.  So I don't want -- I

9    don't want that hearing-impaired juror to be -- at any point be

10    without the ability to hear what other people say.

11        All right.  So it may take a minute or two when they

12    all come back in to allow the court reporter to set up.

13        But let's bring them in.

14        THE CLERK:  All rise.

15    (Jury in at 3:25 p.m.)

16        THE COURT:  Please be seated, ladies and gentlemen.

17        Dan, why don't you remain there because the foreman is

18    going to give you the verdict in a second.

19        All right.  I understand you've reached a verdict.

20        PRESIDING JUROR YORK:  We have, your Honor.

21        THE COURT:  All right.  The verdict form has been

22    handed by the foreperson, Mr. York, to the court security

23    officer, who gave it to me.

24        I'm going to read the verdict.

25        "Count I (Money Laundering Conspiracy):  With respect

1   to Count I of the Indictment, we, the jury, find as follows ...

2   to the defendant:  Not guilty.

3               "Count II:  With respect to Count II of the

4   Indictment, we, the jury, find as follows ... to the defendant:

5   Guilty.

6               "Count III:  With respect to Count III of the

7   Indictment, we, the jury, find as follows as to the defendant:

8   Guilty.

9               "Count IV (Concealment Money Laundering):  With

10  respect to Count IV of the Indictment, we, the jury, find as

11  follows as to the defendant:  Guilty.

12              "Count V (Operation of Unlicensed Money Transmitting

13  Business):  With respect to Count V of the Indictment, we, the

14  jury, find as follows as to the defendant:  Guilty."

15              Then it's signed by the 12 members of the jury.

16              Ladies and gentlemen, I'm going to ask each of you if

17  this was and is your verdict.

18              Ashley Lysenko, was this and is this now your verdict?

19              JUROR LYSENKO:  Yes.

20              THE COURT:  Stephen Wingard, was this and is this now

21  your verdict?

22              JUROR WINGARD:  Yes.

23              THE COURT:  Candral Haynes, was this and is this now

24  your verdict?

25              JUROR HAYNES:  Yes.

1    THE COURT:  Wyconnda Boatman, was this and is this now

2  your verdict?

3    JUROR BOATMAN:  Yes.

4    THE COURT:  Jeffrey York, was this and is this now

5  your verdict?

6    PRESIDING JUROR YORK:  Yes.

7    THE COURT:  Cleo Krueger, was this and is this now

8  your verdict?

9    JUROR KRUEGER:  Yes.

10    THE COURT:  Michael Averbukh, was this and is this now

11  your verdict?

12    JUROR AVERBUKH:  Yes.

13    THE COURT:  Desmond McEvoy, was this and is this now

14  your verdict?

15    JUROR McEVOY:  Yes.

16    THE COURT:  Ranetta Cameron, was this and is this now

17  your verdict?

18    JUROR CAMERON:  Yes.

19    THE COURT:  Steven Reichel, was this and is this now

20  your verdict?

21    JUROR REICHEL:  Yes.

22    THE COURT:  Gerald Root, was this and is this now your

23  verdict?

24    JUROR ROOT:  Yes.

25    THE COURT:  Hilary Anderson, was this and is this now

1   your verdict?

2            JUROR ANDERSON:  Yes.

3            THE COURT:  So say you all?

4            JURY MEMBERS:  (Affirmative responses.)

5            THE COURT:  All right.  Well, ladies and gentlemen, I

6   want to thank you on behalf of the Court and the parties for

7   your close attention to this case and your service to the

8   country by doing this.

9            As I said when we started, I think this is the highest

10  form of public service anyone can provide to the government and

11  to the -- to the nation other than serving in the military.

12           It's easy to vote.  It's hard to sit on a jury.  It's

13  hard because it takes you time -- all the time it took away

14  from your families, from your work.  It's hard to sit through

15  days of -- days of testimony.  It's hard to keep an open mind.

16  And you performed all of those duties honorably and well.

17           So your duty service is finished -- or your jury

18  service is finished.  I'm going to ask you to go back to the

19  jury room.  I want to come back and thank you individually in a

20  moment.  So if you have a moment, if you wouldn't mind waiting,

21  I'll be back very shortly.  Thank you very much.

22           COURT SECURITY OFFICER:  All rise.

23       (Jury out at 3:29 p.m.)

24           THE COURT:  All right.  Please be seated.

25           All right.  We need to set a date for sentencing.

1          MR. SEIDEN:  Since we ran over here -- well, I think I

2     have -- we'll work it on this.

3          THE COURT:  Pardon me?

4          MR. SEIDEN:  I didn't bring my calendar, so I'll work

5     it off the phone.

6          THE COURT:  All right.  Today is what, February?

7          THE CLERK:  27th.

8          THE COURT:  27th.  The presumptive date for a

9     sentencing for February 27th is May 21st.  I'm going to suggest

10     it be a little longer out because I think given the difficulty

11     that probation may have of contacting Mr. Gan's family and

12     trying to get information about him --

13          Off the record for a minute.

14     (Off-the-record discussion.)

15          MR. SEIDEN:  What day did you just say?  May?

16          THE COURT:  Well -- back on the record -- the

17     presumptive date is May 21st.  I'm going to suggest something a

18     little later than that unless there's an objection.

19          MR. SEIDEN:  Judge, can we shoot for May 21st?  He is

20     a foreign national.  He is -- I can't imagine what he's going

21     through.  He doesn't really speak English, and --

22          THE COURT:  Fine.  May 21st it is.  The pre --

23          MR. SEIDEN:  Okay.  And if there's a problem with

24     probation, I suppose that they can advise us between now and

25     then.

1    THE COURT:  All right.  The presentence report will be

2  due April 16th.  Any objections to the presentence report will

3  be due May 7th, along with sentencing memos.  Any response to

4  the -- those -- the presentence -- any response to the

5  objections will be due on May 14th.

6    The recommendation of the probation office will be

7  ordered disclosed to both the government and the defense.

8    All right.  Any additional matters we need to put on

9  the record?

10    MR. SEIDEN:  One.  And I don't want the Court to have

11  to work for me.  But is it possible to get a copy of the

12  verdict?

13    THE CLERK:  Yes.  I will make a copy.

14    MR. SEIDEN:  Thank you very much.

15    THE COURT:  Does either side want to talk to the jury?

16  And the condition will be I'll let you talk to them provided

17  you agree that nothing you learn in discussions with the jury

18  can be used to impeach the verdict.

19    MS. STEVENS:  Yes, I'll go back there for you.

20    THE COURT:  All right.  So defense wants to do it?

21    MS. STEVENS:  I'll go back there, yes.

22    THE COURT:  And do you agree that nothing you learn

23  will be used to impeach the verdict?

24    MS. STEVENS:  Correct.

25    THE COURT:  All right.  Does the government wish to go

1 back?

2        MR. FRANZBLAU:  Yes, Judge.  Because the defense has

3 chosen to go back, the government would like to go back.

4        THE COURT:  All right.  And do you agree that nothing

5 you learn will be used to impeach the verdict?

6        MR. FRANZBLAU:  Absolutely.

7        THE COURT:  All right.  Then I will ask the jury if

8 they want to talk to you.  And if they do, the practice I have

9 is I go back and talk to them myself with my law clerks, and

10 then I ask them if they want to talk to you.  I tell them that

11 they can talk to you about anything they want.  If they choose

12 not to discuss their deliberations, they can choose to do that.

13 If they all don't want to stay -- they want to get home --

14 they -- some can stay; some can leave.  If as a group they

15 don't want to talk to you at all, I'll come out and tell you.

16        MR. FRANZBLAU:  Fair enough.

17        THE COURT:  Okay.  All right.

18        There was a pending motion filed by --

19        MR. SEIDEN:  I won't be going back, your Honor.

20        THE COURT:  You're not going to go back?

21        MR. SEIDEN:  No.

22        THE COURT:  All right.

23        MR. SEIDEN:  I won't learn anything from them.

24        THE COURT:  Okay.  There's a pending motion that was

25 filed -- or orally made by the defense, correct?

1    MR. SEIDEN:  Yes, there was, Judge.

2    THE COURT:  And that was under Rule --

3    MR. SEIDEN:  Respectfully --

4    COURT REPORTER:  Stand right by the mic.

5    MR. SEIDEN:  Oh, I drifted away on you.

6    THE COURT:  Go ahead.

7    MR. SEIDEN:  Respectfully, since we have a substantial

8    amount of time with regard to -- and we'll be filing post-trial

9    motions nonetheless -- maybe you want to enter and continue

10   that generally until we file our post-trial -- PTMs.

11   There is some recent -- fairly recent case law on

12   extrajudicial territorial indictments, charges and the events.

13   One just came out of, I think, Pennsylvania.  So I think we'll

14   probably -- rather than make you work twice on the same

15   issue --

16   THE COURT:  Any objection by the government?

17   In essence, I'm -- I'm going to enter and continue the

18   motion they made at the close of the government's case.

19   MR. FRANZBLAU:  No objection.

20   THE COURT:  And any -- they can -- they can supplement

21   it in writing in their -- any post-trial motions they file.

22   MR. SEIDEN:  Thank you.

23   THE COURT:  So I will continue to -- I'll enter and

24   continue your Rule -- what rule was it?

25   MR. SEIDEN:  It was 29(b).

1    THE COURT:  Pardon me?

2    MS. STEVENS:  (a).

3    MR. SEIDEN:  Well, it was 29(a), but at the end of the

4    case, it becomes 29(b).

5    THE COURT:  Right.

6    MR. SEIDEN:  And your Honor works hard enough.  You

7    don't have to make the two rulings on the same motion twice.

8    THE COURT:  All right.  Well, without objection from

9    the government, you can incorporate your written arguments into

10   that motion.

11   MS. STEVENS:  Thank you.

12   THE COURT:  And absent a request for extension, the

13   rules provide the time by which the post-trial motions need to

14   be filed.

15   Okay.  Thank you all.  It was a fine job done by all

16   the attorneys, and verdict notwithstanding, it was a well-tried

17   case.

18   MR. SEIDEN:  Thank you.

19   MR. FRANZBLAU:  Thank you, Judge.

20   MR. ROTHBLATT:  Thank you, Judge.

21   MR. SEIDEN:  Notwithstanding your -- I'm still

22   chuckling about the conspiracy, Judge.

23   THE COURT:  Well, the -- it's entirely possible that

24   the -- you would have thought that the instruction I gave to

25   the jury would have resulted in a guilty finding in Count I.

1    MR. SEIDEN:  Yeah.

2    THE COURT:  In fact, it was not guilty.  So I'm

3    hard-pressed to find any prejudice to the defense by that

4    instruction.

5    MR. SEIDEN:  And I'm hard-pressed not to be shocked as

6    I always am at the end of one of these cases, Judge.

7    THE COURT:  All right.

8    MR. SEIDEN:  Judge, I am on the record.  I would like

9    to thank you for your courtesy to the defense counsel and the

10   defendant during the course of this case.

11   THE COURT:  All right.  Well, good luck to you all.

12   MR. SEIDEN:  Thank you very much.

13   MS. STEVENS:  Thank you, Judge.

14   MR. FRANZBLAU:  Thank you.

15   THE COURT:  All right.  See you soon.

16   (Concluded at 3:35 p.m.)

17                    C E R T I F I C A T E

18       I certify that the foregoing is a correct transcript of the

19   record of proceedings in the above-entitled matter.

20

21   */s/ LAURA R. RENKE*                      *May 22, 2020*
     LAURA R. RENKE, CSR, RDR, CRR
22   Official Court Reporter

23

24

25